712 F.2d 70
 Wilbur Fletcher TODD, Appellant,
v.
Alton BASKERVILLE, Warden, Appellee.
Aaron HOLSEY, # 121937, Appellant,
v.
Gary BASS, individually, and as Assistant Prosecutor with
the State's Attorney's Office; James P. Farmer,
individually, and as Assistant Public Defender for the City
of Baltimore, Maryland; Alfred J. O'Ferrell, III,
individually, and as the deputy Public Defender for the
State of Maryland; Leonard S. Freedman, individually, and
as an Attorney with a practice; J. Harold Grady,
individually, and as the Chief Judge of the Supreme Bench of
Baltimore, Maryland; Allen D. Greif, individually, and as
appointed Defender; Thomas E. Kelly, individually, and as a
Parole Agent with the Dept. of Parole and Probation for the
State of Maryland; Edward Mintzer, individually, and as an
Official Court Reporter with the Supreme Bench; James W.
Murphy, individually, and as an Associated Justice, assigned
to the Supreme Bench; Charles E. Orth, Jr., individually,
and as the Former Chief Judge of the Md. Court of Special
Appeals; Calvin R. Payne, individually, and as an Official
Court Reporter with the Supreme Bench; Leonard D. Redmond,
III, individually and as an Assistant Public Defender for
the City of Baltimore, Maryland; Julius A. Romano,
individually, and as the Former Chief of Md. Court of
Special Appeals; Gerald A. Smith, individually, and as
Appointed Public Defender; Norman N. Yankellow,
individually, and as Chief Public Defender for the City of
Baltimore, Maryland, Appellees.
 Nos. 81-6517, 81-6730.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 13, 1983.
Decided July 6, 1983.
 
 James Phillip Chandler, Sr., Washington, D.C., for appellants.
 Guy W. Horsley, Jr., Asst. Atty. Gen., Richmond, Va., Patricia McDonald, Asst. Atty. Gen., Baltimore, Md. (Gerald L. Baliles, Atty. Gen. of Virginia, Richmond, Va., Stephen H. Sachs, Atty. Gen. of Maryland, Maureen O'Ferrall Gardner, Asst. Atty. Gen., Baltimore, Md., on brief) for appellees.
 Before RUSSELL and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 These appeals have been consolidated because both involve the "ambiguous borderland"[1] between habeas corpus proceedings and § 1983 actions, though the dispositive issue in the two cases are different. As they come to us, the Todd appeal poses the question whether the action by a state prisoner in that case was to be considered in habeas and thus subject to state exhaustion or was to be treated as a § 1983 action in which state exhaustion was excused; the Holsey appeal, on the other hand, involves as the ultimate issue the propriety of a dismissal of a state prisoner's § 1983 action as frivolous under § 1915(d), 28 U.S.C. in the absence of a responsive pleading. The District Court in Todd found the action to be in habeas and dismissed it for failure to exhaust state remedies; in Holsey the Court dismissed the suit as frivolous under § 1915(d) without requiring any responsive pleading by the defendant. We affirm Holsey but, in Todd, the panel is in agreement to remand in order that the District Court may consider whether changed circumstances would now require a different result, though a majority of the panel would find that the action of the District Court on the facts as they existed at the time it acted was correct.
 
 Todd
 
 2
 The real gravamen of this plaintiff's action is that, because of the failure "to properly apply good conduct time credit on his sentence," he has been and is as of the time of the filing of his action being "subjected to terms of confinement that go beyond satisfaction of sentence." He seeks release from confinement and damages at the rate of $1,000 per day for every day he is being unlawfully detained." Such an action, seeking primarily release from confinement, meets, as we view it, the test for a habeas proceeding, as enunciated in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).
 
 
 3
 In Preiser, the Supreme Court clearly stated that, "Congress has determined that habeas corpus is the appropriate [and exclusive] remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." The Supreme Court added in explication of this ruling that the state prisoner "cannot bring a § 1983 action, even though the literal terms of § 1983 might seem to cover such a challenge, because Congress has passed a more specific act to cover that situation, and, in doing so, has provided that a state prisoner challenging his conviction must first seek relief in a state forum, if a state remedy is available. It is clear to us that the result must be the same in the case of a state prisoner's challenge to the fact or duration of his confinement, based, as here, upon the alleged unconstitutionality of state administrative action. Such a challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." 411 U.S. at 489, 93 S.Ct. at 1836 (Italics added) The Court explained further that "[i]f [on the other hand] a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release--the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy. Accordingly, as petitioners themselves concede, a damage action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies." 411 U.S. at 494, 93 S.Ct. at 1838 (Italics in text) It would seem clear that under the principles enunciated by the majority in Preiser, that any challenge to the length or duration of confinement, whether involving judicial or administrative action, is redressable only in habeas with its requirement of state exhaustion while, as Justice Brennan, in his dissent, phrased the holding of the majority, an action for damages by a state prisoner, "provided he attacks only the conditions of his confinement and not its fact or duration," may be maintained under § 1983, 411 U.S. at 505, 93 S.Ct. at 1844. (Italics added)
 
 
 4
 Some writers, however, have been confused by the language of footnote 14 in the majority opinion in Preiser (411 U.S. at 499, 93 S.Ct. at 1841):
 
 
 5
 "If a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement, his latter claim, under our decision today, is cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies. But, consistent with our prior decision, that holding in no way precludes him from simultaneously litigating in federal court, under § 1983, his claim relating to the conditions of his confinement."
 
 
 6
 We find no confusion in this language. In our opinion, its proper construction is that expressed by Justice Brennan, i.e., that the action for damages is maintainable "simultaneously" with the prisoner's habeas claim, "provided he attacks only the conditions of his confinement and not its fact or duration." Any other application of this language would mean, as Justice Brennan in his dissent hypothesizes, that, if any prisoner, in attacking the length or duration of his confinement, "could formulate at least a colorable damages claim, he would be entitled to litigate all issues in federal court without first exhausting state remedies," a result which Justice Brennan found the majority had rejected. 411 U.S. at 510, 93 S.Ct. at 1846.
 
 
 7
 A further explication of this language in Preiser was given in the subsequent case of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In that case a state prisoner filed a § 1983 class action challenging on due process grounds the disciplinary procedures resulting in good-time credits against his sentence. The plaintiff sought "three types of relief: (1) restoration of good time; (2) submission of a plan by the prison authorities for a hearing procedure [in connection with good-time rights] ... which complied with the requirements of due process; and (3) damages for the deprivation of civil rights resulting from the use of the allegedly unconstitutional procedures." 418 U.S. at 553, 94 S.Ct. at 2973. The Supreme Court sustained the Court of Appeals holding that relief by way of "restoration of good-time credits, ... [was] foreclosed under Preiser " but it held that the district court "short of ordering the actual restoration of good time already canceled," could review such procedures under due process in a § 1983 action and could grant injunctive relief in that action so far as future proceedings involving good-time rights were concerned, including the granting of "declaratory judgment as a predicate to a damages awards" and as a basis for injunctive relief, and could "fashion appropriate remedies for any constitutional violations ascertained, short of ordering the actual restoration of good time already canceled." 418 U.S. at 554-55, 94 S.Ct. at 2973-74.
 
 
 8
 The principle to be deduced from Preiser and Wolff appears to be that when the claim is of a constitutional due process violation, such as in Wolff, relating (1) to prison procedures that do not affect the length or duration of his sentence as then existing,[2] or (2) is a claim for damages because of mistreatment violative of constitutional rights and relating strictly to the conditions of his confinement and not "its fact or duration," the suit may be maintained, without exhaustion of state remedies, as a § 1983 action; but that, if the "core" of the prisoner's claim is the length or duration of his sentence and any claim of damages is purely ancillary to and dependent on a favorable resolution of the length or duration of his sentence, the proceeding is in habeas.[3]
 
 
 9
 This case is manifestly one which, under this construction of Preiser and Wolff, is in habeas. The "core" of plaintiff's claim is the length and duration of his confinement. He contends that certain good-conduct credits were improperly canceled by the defendants and he seeks the restoration of those canceled credits so that he can secure his release. That is the relief that Wolff very specifically said was not available to him under § 1983; only habeas can provide such a remedy. And, without that restoration of canceled credits, the plaintiff's pendent action for damages disappears. Accordingly, in the opinion of a majority of the panel, the district court correctly on the record before it, dismissed the claim for failure to exhaust.
 
 
 10
 If, however, the facts are as alleged by the plaintiff, it would seem that he is no longer in custody. Assuming that the aggregate of his sentences is no greater than that alleged by him and assuming that he commenced the service of such sentences when he alleges, he should have been already released. Under those assumptions based on plaintiff's allegations, a habeas corpus remedy is no longer available to the plaintiff and the maintenance of a § 1983 action without exhaustion of state remedies is appropriate. This was precisely the situation presented in Staton v. Wainwright, 665 F.2d 686, 687 (5th Cir.1982), cert. denied, 456 U.S. 909, 102 S.Ct. 1757, 72 L.Ed.2d 166, Richardson v. Fleming, 651 F.2d 366, 373 (5th Cir.1981), and Conner v. Pickett, 552 F.2d 585, 587 (5th Cir.1977). In each the Court authorized the continuance of the § 1983 action without requiring exhaustion. We accordingly remand this cause to the District Court in order to determine whether the plaintiff has been released from custody and, if so, to proceed to dispose of the § 1983 action without any requirement of state exhaustion. Should the evidence show, however, that the plaintiff has not been released and the defendants claim that he is not entitled to release, a majority of the panel would affirm the dismissal of the proceedings for failure to exhaust state remedies.
 
 Holsey
 
 11
 This action represents the converse of Todd. Here the plaintiff, asserting a claim under § 1983, 42 U.S.C., does not seek release or a reduction of his sentence, but only monetary damages.[4] The District Court found that the plaintiff's complaint, so restricted, stated a § 1983 claim. With this we agree. The plaintiff, however, sought leave to proceed in forma pauperis under the provisions of § 1915, 28 U.S.C. The District Court, following the procedure as stated in Boyce v. Alizaduh, 595 F.2d 948, 950 (4th Cir.1979), allowed the complaint to be docketed but then dismissed it as frivolous under § 1915(d), 28 U.S.C.
 
 
 12
 The basis for this finding of frivolousness was that all of the plaintiff's claims were barred under principles of collateral estoppel and by the applicable statute of limitations. The District Court recognized that there was some dispute in the authorities on the power of the Court to consider affirmative defenses in ruling on dismissal for frivolousness under § 1915(d) but concluded that such defenses could be considered "in certain limited circumstances, such as those found in the case at bar." It found specifically that the claims of the plaintiff in this case were manifestly barred because it appeared on the face of the complaint and the court records that the issues posed by the complaint had been raised and determined judicially against the plaintiff on direct appeals from his conviction, "in three state post conviction proceedings, six federal habeas petitions, and numerous civil rights suits" brought by him and moreover, that the applicable statute of limitations bars most, if not all, the acts of which plaintiff complains. Under those facts, we agree with the conclusions of the District Court and accordingly affirm the judgment of dismissal entered by it herein.
 
 
 13
 HAYNSWORTH, Senior Circuit Judge, concurring and dissenting.
 
 
 14
 I concur in the affirmance of the dismissal of Holsey's complaint.
 
 
 15
 In Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), we considered the problem presented by Todd's appeal and construed Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), as foreclosing a remedy for the restoration of good time credits wrongfully withdrawn, but as permitting the action for monetary relief to proceed without exhaustion of available state court remedies. The position taken in Hamlin seems to me correct, and I would follow its lead here.
 
 
 16
 The great likelihood appears to be that Todd has long since been released from prison. Since all members of the panel are agreed that if he has fully served the sentence under which he was being held at the time he filed his complaint, habeas corpus would no longer be an appropriate remedy and that he may proceed with a § 1983 action without exhausting state remedies, I join in the remand of Todd's case.
 
 
 
 [1]
 McKinnis v. Mosely, 693 F.2d 1054, 1056 (11th Cir.1982)
 
 
 [2]
 This has often been described as a claim relating to "the manner of ... decision-making, not its outcome," in which case exhaustion is not required and the action for the redress of the claim may proceed as a § 1983 proceeding. Williams v. Ward, 556 F.2d 1143, 1150 (2d Cir.1977)
 
 
 [3]
 This statement of the rule to be deduced from Preiser and Wolff generally accords with the conclusions expressed in Note, State Prisoners' Suit Brought on Issues Dispositive of Confinement: The Aftermath of Preiser v. Rodriguez and Wolff v. McDonnell, 77 Col.L.Rev. 742 (1977)
 
 
 [4]
 Holsey v. Bass, 519 F.Supp. 395, 396 (D.Md.1981)