Clyde Tolbert DUNCAN, Plaintiff,

v.

STATE OF WEST VIRGINIA, David W. Knight, Derek Craig Swope and Richard Somyle, Defendants.

Civ. A. No. 84–1185.

United States District Court,
S.D. West Virginia,
Bluefield Division.

Nov. 16, 1984.

Clyde Tolbert Duncan, pro se.

MEMORANDUM OPINION
AND ORDER

HADEN, Chief Judge.

Pending before the Court is Duncan's request to proceed *in forma pauperis*.

Duncan has filed an appropriate affidavit, and it would appear proper to grant such a request. Accordingly, Duncan's request for leave to proceed *in forma pauperis* is granted.

Substantial defects apparent on the face of Duncan's complaint raise the issue of whether it is frivolous and, therefore, subject to dismissal under 28 U.S.C. § 1915(d). The facts as stated in the complaint concern the arrest and incarceration of Duncan on or about October 28, 1983, in the Mercer County Jail in Princeton, West Virginia, on the charge of burglary. Bond was set at $10,000, and Duncan, unable to make bail, was remanded to jail. On November 4, 1983, Duncan's bail was reduced and set at $5,000, and Duncan apparently still could not make bail. Trial was commenced January 26, 1984, and on January 29, 1984, Duncan was acquitted. Duncan sues for being wrongfully deprived of his liberty during the time he was incarcerated as a pretrial detainee.

■ Several problems are inherent in this complaint. First, Duncan sues the State of West Virginia for damages under 42 U.S.C. § 1983. The Eleventh Amendment bars actions by individuals against states in federal court. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) outlines the history and application of the Eleventh Amendment and the Supreme Court held that the Eleventh Amendment bars actions against states for compensatory damages. This remains the law. *Pennhurst State School and Hospital v. Halderman*, — U.S. —, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 237, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974). Therefore, the Eleventh Amendment bars Duncan's action against the State of West Virginia.

■ Secondly, Duncan sues the prosecuting attorneys who presented the case against him. In this context, *Imbler v. Pachtman*, 424 U.S. 409, 424–29, 96 S.Ct. 984, 992–94, 47 L.Ed.2d 128 (1976), holds that prosecuting attorneys are immune from Section 1983 actions for carrying out their official duties.

■ Third, Duncan sues Detective Rick Somyle of the Princeton City Police Department. The complaint states that Somyle took statements from the two state's witnesses. This constitutes the whole of the allegations against Somyle. No implication of constitutional deprivation arises from this fact. Insofar as Somyle might be considered a "witness" for the prosecution, he would be immune from suit under Section 1983. *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Burke v. Miller*, 580 F.2d 108 (4th Cir.1978).

■ Although some of the matters discussed constitute defenses, *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *Arebaugh v. Dalton*, 730 F.2d 970 (4th Cir.1984), where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous. *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir.1983). Further, the Court would note that failure to make reasonable bond, incarceration as a pretrial detainee for ninety days, and acquittal of a criminal charge does not allege a constitutional violation. Duncan's complaint states an example of due process, not a violation of it. *Parratt v. Taylor*, 451 U.S. 527, 536–37, 101 S.Ct. 1908, 1913–14, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer*, — U.S. —, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

■ As the complaint appears frivolous on its face, the Court concludes that dismissal under 28 U.S.C. § 1915(d) is appropriate.

The Clerk is directed to send a certified copy of this Order to the Plaintiff.