803 F.2d 713
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel B. Goodwyn, Appellant,
v.
Virginia Kincheloe, David Satterwhite; Mark Gardner; Hon.
Judge Joseph Savage; Hon. Judge Edward P.
Simpkins; Hon. Justice Harry L.
Carrico, Appellees.
 No. 85-7046.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 19, 1986.
Decided Oct. 14, 1986.
 
 Before HALL, SPROUSE, and ERVIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 (Daniel B. Goodwyn, Appellant Pro Se. Gerald L. Baliles and Peter R. Messitt, Office of the Attorney General, and James W. Hopper, for Appellees.)
 
 PER CURIAM:
 
 2
 Daniel B. Goodwyn appeals the district court entry of summary judgment on his 42 U.S.C. Sec. 1983 claim. The complaint, filed by Goodwyn and a number of his family and friends, alleged that the defendants Virginia Kincheloe, David Satterwhite, Mark Gardner, the Honorable Harry L. Carrico, the Honorable Edward P. Simpkins, and the Honorable Joseph Savage violated his constitutional rights in conjunction with his arrest and subsequent conviction of the felony offense of causing malicious bodily injury with intent to maim, disfigure, or disable. Va. Code Sec. 18.2-51. By order dated July 1, 1985, the district court dismissed all plaintiffs, except Daniel Goodwyn, for lack of standing to assert claims for damages allegedly inflicted upon Goodwyn. Additionally, the court dismissed Goodwyn's claims against the two trial judges and Chief Justice Carrico on the basis of absolute judicial immunity and his claims against the Commonwealth's Attorney, Mark Gardner, on the basis of absolute immunity. The court further dismissed his claims against Kincheloe finding that Goodwyn failed to set forth any facts to show Kincheloe was a state actor, a jurisdictional prerequisite to maintaining a Sec. 1983 action against her. Finally, the court ordered Goodwyn to demonstrate exhaustion of state remedies, finding that the essence of Goodwyn's complaint was that he should not have been convicted of a felony and that his petition should properly be treated as one filed pursuant to 28 U.S.C. Sec. 2254. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981), cert denied, 455 U.S. 911 (1982).
 
 
 3
 Following issuance of the order, it became apparent that Goodwyn was no longer incarcerated pursuant to the judgment complained of. Thus, on July 18, 1985, the court issued an order finding that exhaustion of state remedies was not required and that Goodwyn's complaint was properly before the court as a Sec. 1983 complaint seeking monetary damages from the remaining defendant, David Satterwhite. The court ordered Goodwyn to file supplemental pleadings setting forth facts supporting his claim against Satterwhite. On September 20, 1985, the court granted Satterwhite's motion for summary judgment.
 
 
 4
 We note, at the outset, that the district court acted correctly in dismissing all parties to this action except for David Satterwhite. Additionally, as Goodwyn has been released from custody his claims are not subject to the exhaustion requirement of Hamlin v. Warren, supra.
 
 
 5
 Goodwyn contends that Satterwhite, acting in his capacity as a Spotsylvania sheriff, negligently and maliciously violated his constitutional rights by: 1) failing to complete his investigation before filing charges; 2) failing to file a full report of his investigation and forward it to the Commonwealth's Attorney; and 3) failing to read Goodwyn his Miranda rights at the time of arrest. In Daniels v. Williams, --- U.S. ----, 54 U.S.L.W. 4090 (1986), the Supreme Court held that the Due Process Clause is not implicated by a state official's negligent acts. Thus, as the district court correctly held, even if Satterwhite had acted negligently in performing his duties, his conduct did not rise to the level necessary to state a claim under Sec. 1983.
 
 
 6
 To the extent that Goodwyn's complaint alleges an independent Fifth or Sixth Amendment violation due to Satterwhite's failure to read him his Miranda rights, we find this claim to be without merit. The record supports the respondent's assertions in this regard.
 
 
 7
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 AFFIRMED