810 F.2d 194
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carlos Aquor BATHANAZAS-BEY, Plaintiff-Appellant,
v.
PRINCE GEORGE'S COUNTY, MARYLAND, individually and in its
official capacity, Defendant-Appellee.
 No. 86-7249.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 24, 1986.
Decided Jan. 16, 1987.
 
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 Carlos Aquor Bathanazas-Bey, appellant pro se.
 Stephen Howard Sachs, Office of the Attorney General of Maryland, for appellee.
 PER CURIAM:
 
 
 1
 Carlos Aquor Bathanazas-Bey, a Maryland inmate, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Bathanazas-Bey filed this action on July 8, 1986, alleging that Prince George's County, Maryland had violated his rights to due process and equal protection of the laws. Specifically, he alleged that his rights were continuously violated from 1977 through 1986 because Prince George's County allegedly failed in 1975 and 1976 to follow the procedures of the Interstate Agreement on Detainers Act ("I.A.D.A."), 18 U.S.C.App. §§ 1-8.
 
 
 3
 The district court judicially noticed that on June 18, 1986, it had dismissed a similar action, Bathanazas-Bey v. Prince George's County, Civil Action No. R-86-1810 (D.Md., June 18, 1986). In that action, Bathanazas-Bey alleged that he was extradited from the Lorton Youth Center in Lorton, Virginia, to Prince George's County six times from November 18, 1975 through May 14, 1976 pursuant to the I.A.D.A. He alleged that on those occasions, the county failed to follow I.A.D.A. procedures and accordingly denied him his due process rights. In the June 18 opinion and order, the district court dismissed that action because Bathanazas-Bey failed to bring the action within the three-year statute of limitations applicable to § 1983 actions.
 
 
 4
 The district court recognized that in the present action Bathanazas-Bey was attempting to allege that his rights were continuously violated. It noted, however, that Bathanazas-Bey did not allege any action by any state official under color of state law after May 14, 1976. Accordingly, the district court concluded that the action was time-barred and dismissed it under 28 U.S.C. § 1915(d).
 
 
 5
 On appeal, Bathanazas-Bey offers four arguments against the applicability of the statute of limitations. He argues that the Maryland three-year limitations period discriminates against § 1983 claims and also contends that the violations were "continuing wrongs." Moreover, he claims that the limitations period should have been tolled because (1) he was imprisoned and (2) he failed to discover the alleged wrongful acts through the defendant-appellee's misrepresentations. We address each contention in turn.
 
 
 6
 The standard of review is clear. In an in forma pauperis case, the district court has broad discretion to dismiss the complaint without issuance of process when an examination of the record reveals that the action is "frivolous." Boyce v. Alizaduh, 595 F.2d 948, 950-52 (4th Cir.1979). To satisfy the test of frivolousness under 28 U.S.C. § 1915(d), the district court must find "beyond doubt" and under any "arguable" construction, "both in law and in fact," of the substance of the plaintiff's claim, that he would not be entitled to relief. Boyce, supra, at 952 (citations omitted). A district court may consider an affirmative defense in reviewing an action under § 1915(d), even though no responsive pleading has been filed. Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).
 
 
 7
 Federal courts turn to state law for statutes of limitations in actions brought under 42 U.S.C. § 1983. Burnett v. Grattan, 468 U.S. 42, 49 (1984). The applicable statute under Maryland law is Md.Cts. & Jud.Proc.Code Ann. § 5-101 (1984 and Cum.Supp.1986). See Burnett, supra at 46, 55.* The statute by its terms is generally applicable to actions for which no other limitations period is provided. Hence, it treats § 1983 actions in a nondiscriminatory fashion. Accordingly, Bathanazas-Bey's first contention fails.
 
 
 8
 Bathanazas-Bey asserts that Prince George's County committed "continuing wrongs" against him. However, the actions complained of took place, at the latest, in 1976. Hence, a continuing violation cannot be shown. See Ocean Acres Limited Partnership v. Dare County Board of Health, 707 F.2d 103, 106 (4th Cir.1983) (continual ill effects from original violation do not constitute continuing violation).
 
 
 9
 The third contention fails because, under Maryland law, imprisonment is not a disability which tolls a limitations period. See Md.Cts. & Jud.Proc.Code Ann. § 5-201(c) (1984 and 1986 Cum.Supp.). Bathanazas-Bey has also failed to state any facts tending to show in any way that Prince George's County fraudulently concealed facts forming the basis of the cause of action. His fourth contention, therefore, also fails. Cf. Ocean Acres, supra, at 105.
 
 
 10
 Accordingly, because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Wilson v. Garcia, --- U.S. ---, 53 U.S.L.W. 4485 (April 17, 1985) does not make § 5-101 inapplicable because § 5-101 encompasses personal injury actions and is the most general state limitations statute. See Robinson v. Vitro Corp., 620 F.Supp. 1066, 1072 (D.Md., 1985) (exceptions to § 5-101 limited)