813 F.2d 1228
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie J. HOLMES, Plaintiff-Appellant,
v.
UNITED TRANSPORTATION UNION, BALTIMORE DIVISION LOCAL # 610,
Defendant- Appellee.
 No. 86-1239.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1987.
Decided March 5, 1987.
 
 Before ERVIN, CHAPMAN and WILKINS, Circuit Judges.
 Willie J. Holmes, appellant pro se.
 PER CURIAM:
 
 
 1
 Willie J. Holmes appeals the district court order dismissing as frivolous under 28 U.S.C. Sec. 1915(d) his action to review a decision of a Public Law Board established under the Railway Labor Act. We affirm.
 
 
 2
 In 1976 Holmes was an employee of the Baltimore and Ohio Railroad Company ("B & O") and was a member of the United Transportation Union Local No. 610 ("Union"). In 1976 the B & O fired him for failing to report to work in a timely fashion during a disciplinary suspension. A Public Law Board, established and authorized under 45 U.S.C. Sec. 153 Second, apparently rendered a decision adverse to Holmes in 1978. Holmes sought review of the Board award in an action filed in 1980, which was dismissed with prejudice at Holmes' request.
 
 
 3
 In the present action, filed in 1986, Holmes sought "review [of] an award of the National Railroad Adjustment Board, Public Law Board # 1312, being its award number 315, filed on September 13, 1978," and named the Union as defendant. The district court concluded that the action was legally frivolous under Sec. 1915(d) because, among other things, the present action was clearly barred by the statute of limitations.
 
 
 4
 To satisfy the test of frivolousness under Sec. 1915(d), the district court must find that beyond doubt and under any arguable construction, both in law and in fact, of the substance of plaintiff's claim, he would not be entitled to relief. Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979). In applying the test, the district court may consider an affirmative defense. See Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).
 
 
 5
 Under either of two statutes of limitations applicable to this action, the action was clearly barred.* A two-year limitations period governs actions seeking review of NRAB awards. See Triplett v. BRAC, 801 F.2d 700, 702 (4th Cir.1986). To the extent that Holmes alleged a breach of the Union's duty of fair representation, the action was also barred under the applicable six-month limitations period. See id. at 702-03. Accordingly, the complaint was legally frivolous.
 
 
 6
 Because the dispositive issues were recently decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The decisions and statutes delineating the powers and responsibilities of the National Railroad Adjustment Board ("NRAB") are applicable to the Public Law Boards authorized under 45 U.S.C. Sec. 153 Second. See e.q., BRAC v. St. Louis Southwestern Railway Co., 676 F.2d 132, 135 n. 2 (5th Cir.1982)