814 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Douglas C. SHULER, Plaintiff-Appellant,
v.
HAYWOOD COUNTY; WAYNESVILLE, NORTH CAROLINA 28786,
Defendants-Appellees.
 
 No. 86-7329.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 21, 1987.
Decided March 20, 1987.
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. David B. Sentelle, District Judge. (C/A No. 86-230-A)
 Douglas C. Shuler, appellant pro se.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Douglas Shuler, a North Carolina inmate, appeals from the district court's summary dismissal of 42 U.S.C. Sec. 1983 complaint filed in forma pauperis. Finding no error, we affirm the judgment of the district court.
 
 
 2
 In his complaint, Shuler named as defendants Haywood County and Waynesville, North Carolina. He alleged that Gaston County Police conducted an illegal, warrantless search of his house and then arrested him without a warrant, also illegally. He also alleged that erroneous jury instructions were given at his trial and that he was convicted of an "illegal charge." He sought to avoid his ten-year sentence, and also asked for the appointment of counsel and money damages.
 
 
 3
 The named defendants, a municipality and a county, are only subject to suit under Sec. 1983 if the injury alleged was the result of policy or custom, but not if it was caused by the tortious acts of individual employees. Monell v. Department of Social Services, 436 U.S. 658 (1978); Avery v. County of Burke, 660 F.2d 111 (4th Cir. 1981). Because Shuler does not claim that the defendants had a policy or custom of authorizing unconstitutional searches and seizures, the district court properly dismissed Shuler's claims against these defendants.
 
 
 4
 Shuler's remaining claims of trial error were also properly dismissed because the judge who allegedly erred is immune from damages under Sec. 1983. Stump v. Sparkman, 435 U.S. 349 (1978). Moreover, to the extent Shuler seeks to set aside his conviction and sentence, he must seek such relief under 28 U.S.C. Sec. 2254.
 
 
 5
 Because none of Shuler's claims can be maintained under Sec. 1983, the district court allowed the complaint to be filed, but immediately dismissed it. The district court has the discretion to do this under 28 U.S.C. Sec. 1915(d). Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). The denial of appointment of counsel was similarly within the court's discretion. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).
 
 
 6
 Although they fail in this suit, Shuler's claims could be the basis for a habeas corpus action attacking the validity of his conviction. However, any such habeas action must be presented first to the state courts, and may be brought in federal court only after all possibilities for relief in the state courts have been exhausted. The district court therefore dismissed Shuler's Sec. 1983 suit without prejudice. Shuler remains free to seek habeas relief in the state courts.
 
 
 7
 For the reasons given above, we affirm the judgment of the district court. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 8
 AFFIRMED.