829 F.2d 1120
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Louis NORTON, Plaintiff-Appellant,
v.
Charles M CREECY; Earl Beshears; W. R. Barker, Defendants-Appellees.
 No. 87-6102
 United States Court of Appeals, Fourth Circuit.
 Submitted August 26, 1987.
Decided September 24, 1987.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (C/A No. 86-844-CRT)
 Louis Norton, pro se.
 Jacob Leonard Safron, Special Deputy Attorney General, for appellees.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Louis Norton, a North Carolina inmate proceeding gro se, brought this action pursuant to 42 U.S.C. Sec. 1983 alleging violation of various constitutional rights stemming from disciplinary action taken against Norton for failure to report to work. Although Norton admits refusing to report to work, Norton claims that his refusal was justified because his poor health status precluded imposition of the twelve-hour shifts, five to six days per week, sought to be required. A disciplinary proceeding resulted from Norton's refusal to report. Norton received notice of the hearing but refused to sign a document notifying him of his rights at the hearing. According to the records concerning the hearing, Norton declined to request staff assistance, make a written statement, call any witnesses, or request any witness statements. The unit nurse advised the disciplinary committee of the contents of Norton's medical records. The committee imposed thirty days punitive segregation and ordered revocation of thirty days good-time.
 
 
 2
 In his complaint and supporting affidavit, Norton alleges:
 
 
 3
 (1) he was not advised of, or afforded, right to counsel at the disciplinary hearing;
 
 
 4
 (2) he was never advised of, or afforded, his due process rights at the hearing, including his right to call witnesses and have witness statements;
 
 
 5
 (3) the change in his health classification to 'A' grade was unauthorized; and
 
 
 6
 (4) he was denied his request for medical records at the hearing.
 
 
 7
 Norton seeks damages for 'mental strain' and restoration of his good-time credits. The district court, pursuant to defendants' motion, entered summary judgment against Norton on his claims.
 
 
 8
 We conclude that Norton's claims for damages are without merit and therefore affirm the district court's ruling as to those claims. Norton had no right to counsel or counsel substitute at his disciplinary hearing. Baxter v. Palmigiano, 425 U.S. 308 (1976); Wolff v. McDonnell, 418 U.S. 539 (1976). Norton received notice of the proceedings, attended the hearing, and made a statement. Norton declined to call any witnesses or request any witness statements. The hearing was conducted before a fair and impartial tribunal. In addition, Norton received written notification of the disciplinary committee's action and the reasons therefor. Due process requires no more. See Wolff v. McDonnell, 418 U.S. 529 (1976). Finally, Norton cannot claim lack of notice of his due process rights by virtue of his refusal to sign a form advising him of these rights.
 
 
 9
 Norton's complaint that his health grade status was changed from grade 'B' to grade 'A' without authorization is insufficient to preclude summary judgment. Norton offers no explanation as to why he should be classified in grade 'B' other than a bare statement that standing for long periods of time is painful due to a hip problem, a bad back, and bad feet. Norton's medical records, which Norton also complains were denied him at the hearing, fail to substantiate his claims and, conversely, indicate the lack of any serious medical problem. As Norton's medical records do not provide support for his position, and as the disciplinary committee considered the contents of the records prior to ruling, the failure to provide Norton with the records at the disciplinary hearing does not preclude entry of summary judgment.
 
 
 10
 A claim seeking restoration of good-time credits is properly pursued as a habeas action. Wolff v. McDonnell, 418 U.S. 539 (1974); Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Section 2254(b) of Title 28 requires that a petitioner in a habeas action exhaust state remedies prior to bringing the habeas action. In this case, the defendants alleged that Norton failed to exhaust his state remedies. Because Norton has failed to demonstrate exhaustion, we affirm the district court's entry of summary judgment as to Norton's claim seeking restoration of good-time credits. Our affirmance is without prejudice to Norton's ability to pursue restoration of his good-time credits in a habeas corpus action.
 
 
 11
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 12
 AFFIRMED.