857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles REDFEARN, Plaintiff-Appellant,
v.
Arnold J. HOPKINS, Commissioner of Corrections; Bruce
Stout, Director, Classification; Alan D. Eason,
Counsel, Division of Corrections,
Defendants- Appellees.
 No. 88-7622.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 29, 1988.
Decided: Sept. 6, 1988.
 
 Charles Redfearn, appellant pro se.
 Glenn William Bell (Office of the Attorney General of Maryland), for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Redfearn, a Maryland inmate serving a fifteen year sentence imposed in 1974, filed this suit on June 5, 1987, ostensibly pursuant to 42 U.S.C. Sec. 1983. Redfearn claimed that he was wrongfully denied credit on his Maryland sentence for time spent in the custody of Michigan authorities following Redfearn's escape from Maryland in 1979. He was arrested in Michigan on an unrelated criminal charge, for which he was subsequently acquitted. Shortly after his arrest, Maryland issued a detainer for escape. After his acquittal on the Michigan charge, he was returned to Maryland pursuant to the detainer. Citing a former Division of Correction Regulation, DCR 285-6, and the detainer lodged against him while in Michigan, Redfearn asserted that the time spent incarcerated in Michigan should have been credited to the remainder of his Maryland sentence upon his return to Maryland. He sought declaratory and injunctive relief to correct alleged constitutional deprivations, as well as punitive and compensatory damages.
 
 
 2
 The district court dismissed Redfearn's Sec. 1983 complaint pursuant to a report and recommendation filed by the magistrate. The magistrate's report cited the general proposition that prisoners are not to entitled to credit on their sentences for time spent elsewhere following escape. However, the district court did not determine whether Redfearn had exhausted state remedies relative to his claims. Nor did the court consider whether former DCR 285-6 created any constitutionally cognizable interest in receiving credit on the Maryland sentence for the time Redfearn was in custody in Michigan.
 
 
 3
 The district court erred in treating Redfearn's action as a civil rights suit under 42 U.S.C. Sec. 1983. As Redfearn's complaint puts in issue the proper duration of his confinement, the suit is properly construed as a habeas corpus action. See Preiser v. Rodriquez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). Therefore, Redfearn should have been required to demonstrate exhaustion of state remedies prior to proceeding in federal court. 28 U.S.C. Sec. 2254(b); Preiser, 411 U.S. 475; Todd, 712 F.2d 70. As the district court failed to consider whether Redfearn exhausted state remedies, we grant a certificate of probable cause, vacate the order of the district court and remand for consideration of the exhaustion issue. If, on remand, it appears that Redfearn has not exhausted his claims, the district court should dismiss the petition without prejudice. If, on the other hand, the district court determines that Redfearn complied with the exhaustion requirement of 28 U.S.C. Sec. 2254(b), the court should proceed to consider whether former DCR 285-6 gave Redfearn a liberty interest in the credit he sought, and whether this interest was arbitrarily abrogated by the state's action in denying this credit, particularly in light of Redfearn's allegation that he was unable to make bail in Michigan because of the Maryland detainer lodged against him.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED and REMANDED.