861 F.2d 263
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Norris Leo DANGLER, Plaintiff-Appellant,
v.
STATE OF MARYLAND, Defendant-Appellee.
 No. 88-7609.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1988.
Decided: Oct. 21, 1988.
 
 Norris Leo Dangler, appellant pro se.
 Richard M. Kastendieck; Ronald Mark Levitan (Office of the Attorney General of Maryland), for appellee.
 Before K.K. HALL, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Norris Dangler, a Maryland inmate, filed this 42 U.S.C. Sec. 1983 action against the state of Maryland alleging that his constitutional rights were violated because (1) he was fraudulently charged, indicted, tried, and convicted; and (2) the trial transcript and documentary evidence were altered and falsified to prevent him from appealing his conviction. The district court dismissed the action. Dangler appealed.
 
 
 2
 Where the "core" of a claim challenges the length or duration of confinement and the request for damages is merely ancillary, the claim is in the nature of habeas. Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir.1983). A plaintiff may not seek to invalidate his conviction by bringing an action under Sec. 1983. See Leonard v. Hammond, 804 F.2d 838, 840 (4th Cir.1986) (citing Alexander v. Johnson, 742 F.2d 117 (4th Cir.1984); Todd, supra; Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982)). Moreover, where pursuit of a Sec. 1983 claim would undermine the validity of a conviction, exhaustion of state remedies is required. Hamlin, supra.
 
 
 3
 As Dangler admits that he has not exhausted his state habeas remedies, federal review of his challenge to his conviction is premature. Furthermore, as the Eleventh Amendment bars suits directly against the state or its agencies, Dangler's action was properly dismissed. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). Finally, we find no abuse of discretion in the district court's entry of a protective order pending disposition of the state's motion to dismiss. Discovery was unnecessary for preparation of a response to the motion to dismiss.
 
 
 4
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.