865 F.2d 1258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph G. HUGHES, Plaintiff-Appellant,
v.
Hazel W. KEITH, Defendant-Appellee.
 No. 88-7801.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 29, 1988.
Decided: Dec. 27, 1988.
Rehearing Denied Feb. 6, 1989.
 
 Joseph G. Hughes, appellant pro se.
 Lucien Capone, III (Office of the Attorney General of North Carolina).
 Before SPROUSE, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph G. Hughes, a North Carolina inmate, alleges that his constitutional rights have been violated because his good time credit has been calculated inaccurately. He seeks injunctive relief and money damages. The district court construed his complaint as a petition for habeas corpus under 28 U.S.C. Sec. 2254 and dismissed the action for failure to exhaust state remedies. We affirm.*
 
 
 2
 If the core of a claim is an attack on the length or duration of confinement it is construed as a petition for habeas corpus. Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). Hughes's pleading clearly challenges the duration of his confinement. Therefore, he must exhaust his state court remedies before coming to federal court. 28 U.S.C. Sec. 2254(b).
 
 
 3
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Although the district court's order did not specify that the dismissal was without prejudice, it did specify that the dismissal was for failure to exhaust state remedies, which is a dismissal without prejudice