900 F.2d 253
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas Fitzpatrick MILLER, Plaintiff-Appellant,
v.
H.L. UNDERWOOD, Superintendent, Defendant-Appellee.
 No. 89-6806.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 24, 1990.
Decided: March 30, 1990.
Rehearing and Rehearing In Banc Denied April 17, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, United States Magistrate. (C/A 89-450-R)
 Douglas Fitzpatrick Miller, appellant pro se.
 William W. Muse, Assistant Attorney General, Richmond, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Douglas F. Miller, a Virginia inmate, appeals an order of the magistrate* which dismissed Miller's 42 U.S.C. Sec. 1983 complaint and also dismissed the claims cognizable under 28 U.S.C. Sec. 2254 which were included in the complaint. We affirm.
 
 
 2
 Miller claims that he was misled by the prosecutor and his court-appointed attorney when he agreed to dismiss a prior Sec. 2254 proceeding. The magistrate correctly found that Miller had alleged no facts which could support a claim against the defendant in this case, who had no involvement in those proceedings.
 
 
 3
 For the second time, Miller seeks to reinstate the Sec. 2254 proceeding which he voluntarily dismissed in 1988. We again find no abuse of discretion in the lower court's refusal to allow reinstatement. Miller also contests in a general way the overall duration of his confinement, which results from sentences for a variety of offenses, escape, and parole violation. He seeks both damages and release, as well as a hearing to explain the law to him. Any claim which seeks to shorten the duration of confinement must be brought as a habeas corpus claim and must first be exhausted in the state courts. Alexander v. Johnson, 742 F.2d 117 (4th Cir.1984); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). Miller has apparently begun state proceedings in which he raises this claim, and the magistrate was correct in dismissing it. We find that no hearing was necessary.
 
 
 4
 Accordingly, the judgment of the magistrate is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The parties consented to the jurisdiction of the magistrate under 28 U.S.C. Sec. 636(c)