934 F.2d 319
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herman Joseph JAINDL, Plaintiff-Appellant,
v.
T. SAYLOR, Ava I. Gift, Robert W. Miller, Karen A. Elliott,
Karen Price, Jon P. Galley, Defendants-Appellees.
 No. 90-6907.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1990.
Decided June 4, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-90-2333-R)
 Herman Joseph Jaindl, appellant pro se.
 D.Md.
 AFFIRMED AS MODIFIED.
 Before K.K. HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Herman Joseph Jaindl appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint pursuant to 28 U.S.C. Sec. 1915(d). We affirm the dismissal of the complaint but modify the dismissal to be without prejudice to Jaindl's exhausting available state court remedies.
 
 
 2
 Jaindl alleges in his complaint that Maryland officials granted him parole on May 1, 1990, to a detainer filed by the State of Florida. He states that since May 30, 1990, he has been requesting information on his parole status and that the defendants have not answered his requests and have admitted that errors have been made in handling his parole. Jaindl says that he has filed a petition for writ of habeas corpus in a Maryland state court, which is still pending. He seeks declaratory and injunctive relief and monetary damages. The district court found that Jaindl had no due process right in his parole release and that he only alleged negligent conduct by defendants which does not violate the due process clause.
 
 
 3
 Although Jaindl does not seek his immediate release from his Maryland sentence, the validity of his confinement is central to his claim. He contends that defendants should have already released him to the Florida detainer. When the core of a prisoner's claim is the length or duration of his sentence, the proceeding is in habeas. Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir.1983). Jaindl is now in the process of exhausting available state court remedies by his asserted filing of a writ of habeas corpus in the Maryland state court. This Sec. 1983 complaint must be dismissed without prejudice to his exhausting his state court remedies. Id.
 
 
 4
 Accordingly, we affirm the dismissal of the complaint but pursuant to our authority under 28 U.S.C. Sec. 2106, we modify the dismissal to be without prejudice to Jaindl's right to refile after exhausting available state court remedies. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED AS MODIFIED.