978 F.2d 1255
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward Girard LAIL, Plaintiff-Appellant,
v.
Lou Ann WHITE; Jane Doe 1; Jane Doe 2; Virginia
Department of Corrections, Court and Legal
Section, Defendants-Appellees.
 No. 92-6588.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 18, 1992
Decided: October 23, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 Edward Girard Lail, Appellant Pro Se.
 Robert Harkness Herring, Jr., Assistant Attorney General, Richmond, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED AND REMANDED.
 Before WIDENER, HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edward Girard Lail appeals from the district court's order denying relief under 42 U.S.C. § 1983 (1988). Lail alleged that the Defendants improperly considered his prior convictions in determining his parole date. He was classed for parole eligibility purposes as a fourth-term felon under Va. Code Ann. § 53.1-151 (Michie 1991).[1] To the extent that Lail alleges a § 1983 claim against the individual defendants, it is time-barred by Virginia's two-year statute of limitations for personal injury. See Wilson v. Garcia, 471 U.S. 261 (1985); Va. Code Ann. § 8.01-243(A) (Michie 1992).[2]
 
 
 2
 Since Lail's allegations challenge the duration of his confinement, however, he is required to exhaust state remedies. A petitioner who challenges the fact or duration of confinement may not avoid the exhaustion requirement by seeking injunctive, declaratory, or monetary relief under the civil rights statutes. Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir. 1983). Exhaustion is required when a § 1983 claim attacks the fact or duration of confinement. See Alexander v. Johnson, 742 F.2d 117, 126 (4th Cir. 1984).
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 So far as the complaint is considered as one filed under 42 U.S.C. § 1983, the judgment of the district court is
 
 
 5
 AFFIRMED.
 
 
 6
 So far as the complaint is considered to challenge the fact or duration of confinement, the plaintiff has not exhausted state remedies, and the case is accordingly remanded to the district court to be
 
 
 7
 DISMISSED WITHOUT PREJUDICE.
 
 
 
 [1]
 Under Va. Code Ann. § 53.1-151 (Michie 1991), persons convicted of a felony for a fourth or subsequent time, "shall be eligible for parole after serving three-fourths of the term of imprisonment imposed." Lail does not dispute that he was convicted of at least three felonies in 1952-53, and a fourth in 1988. Therefore, the defendants did not err in classifying him as a fourth-term offender. Since the statute was applied only to his post-1979 convictions and sentences, the application of the statute was not ex post facto
 
 
 [2]
 The claim Lail alleges against the Virginia Department of Corrections Court and Legal Section does not state a cause of action because that defendant is not a "person" within the meaning ofs 1983. Will v. Dep't of State Police, 491 U.S. 58 (1989)