30 F.3d 129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry HUNTER, Petitioner-Appellant,
v.
Barbara BOSTICK, Warden; Lieutenant Green; Sergeant
Jackson; Mark Johnson, Respondents-Appellees.
 No. 94-6568.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided Aug. 3, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-94-858-S)
 Larry Hunter, appellant Pro Se.
 Richard M. Kastendieck, Office of the Attorney General of Maryland, Baltimore, MD
 D.Md.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Hunter, a Maryland prisoner, filed this action pursuant to 42 U.S.C. Sec. 1983 (1988), seeking damages and alleging that (i) a jail guard supplied him with heroin upon request and he overdosed; (ii) the Defendants waited a few minutes before calling for medical treatment; and (iii) he was sent to court while under the effects of the overdose and pled guilty. The district court dismissed Hunter's first and second claims without prejudice pursuant to 28 U.S.C. Sec. 1915(d) (1988). The district court construed Hunter's third claim as challenging the fact or duration of his confinement and dismissed the claim without prejudice for failure to exhaust state remedies. Hunter timely appeals.
 
 
 2
 With regard to Hunter's appeal of the Sec. 1915(d) dismissal, our review of the record and the district court's opinion discloses that his appeal is without merit. Accordingly, we affirm the Sec. 1915(d) dismissal on the reasoning of the district court. Hunter v. Bostick, No. CA-94-858-S (D. Md. Apr. 13, 1994).
 
 
 3
 Because Hunter's complaint alleges that the heroin overdose may have affected the validity of his guilty plea, Hunter is subject to the exhaustion requirement of 28 U.S.C. Sec. 2254(b) (1988). See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir.1983). Nothing in the record discloses that Hunter has exhausted state remedies. Accordingly, we deny a certificate of probable cause to appeal and dismiss this portion of the appeal.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART