59 F.3d 168
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Bobby Ray WILSON, Plaintiff--Appellant,
v.
WINSTON-SALEM POLICE DEPARTMENT; D.J. Seamon, Officer;
George L. Sweat, Chief; Francis Storey, Clerk of
Court; Tom Keith, District Attorney;
Edwin Shellhouse,
Defendants--Appellees.
Bobby Ray WILSON, Plaintiff--Appellant,
v.
FORSYTH COUNTY JAIL; Forsyth County Detention Center; Ron
Barker; Michael Schweitzer; Garland Wallace;
Correctional Medical Services,
Defendants--Appellees.
Bobby Ray WILSON, Plaintiff--Appellant,
v.
Pamela TAYLOR; R.L. Barren, Detective, Winston-Salem Police
Department; S.G. Honaker, Defendants--Appellees.
 Nos. 95-6151, 95-6152, 95-6153.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 18, 1995.
Decided: June 22, 1995.
 
 Bobby Ray Wilson, Appellant Pro Se. Gusti Wiesenfeld Frankel, James Daniel McNatt, WOMBLE, CARLYLE, SANDRIDGE & RICE, Winston-Salem, NC; Jacob Leonard Safron, Special Deputy Attorney General, Raleigh, North Carolina; Alan William Duncan, Ann Frances Mellette Shaver, SMITH, HELMS, MULLISS & MOORE, L.L.P., Greensboro, NC, for Appellees.
 M.D.N.C.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's orders denying relief on his 42 U.S.C. Sec. 1983 (1988) complaints. We have reviewed the record and the district court's opinion accepting the magistrate judge's recommendation in No. 95-6151 and No. 95-6152, and find no reversible error. Accordingly, we affirm on the reasoning of the district court. Wilson v. Winston-Salem Police, No. CA-94-18-6; Wilson v. Forsyth County Jail, No. CA-94-21-6; (M.D.N.C. Jan. 11, 1995; Dec. 28, 1994 ).
 
 
 2
 With respect to No. 95-6153, to the extent that his action sounds in habeas, Wilson has failed to demonstrate exhaustion of state remedies. His conviction for murder was not final at the time of the filing of his complaint. Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir.1983); Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). To the extent his action requests damages, the claims are not cognizable, as he has not demonstrated that his conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a 28 U.S.C. Sec. 2254 (1988) writ. Heck v. Humphrey, 62 U.S.L.W. 4594, 4597 (U.S.1994). The district court's grant of summary judgment was correct. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.