**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6702

TYRONE PRESTON,

Petitioner - Appellant,

versus

L. M. EDWARDS, Warden,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:06-cv-00173-JCC)

Submitted: August 8, 2007          Decided: May 9, 2008

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Tyrone Preston, Appellant Pro Se. Susan Bland Curwood, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Preston, a Virginia prisoner, appeals the district court's order dismissing his 28 U.S.C. § 2254 (2000) petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Having previously granted a certificate of appealability, see 28 U.S.C. § 2253(c) (2000), we now find the district court erred in dismissing the petition. Accordingly, we vacate the district court's order and remand for its reconsideration.

In his § 2254 petition, Preston alleged that his term of incarceration was extended because he refused to participate in a state sex offender treatment program requiring him to admit past offending behavior in violation of his Fifth Amendment right to be free from compelled self-incrimination. See McKune v. Lile, 536 U.S. 24 (2002). The district court construed Preston's petition as "merely seek[ing] to assert a constitutional violation stemming from his not receiving the classification level he wanted." The court further ruled Preston's challenge to the constitutionality of the state program was properly brought in an action under 42 U.S.C. § 1983 (2000), not under § 2254. The court did not analyze Preston's claim under McKune but dismissed the petition after finding he had no liberty interest in his classification level.

In his informal brief on appeal, Preston contended that the extension of his confinement as a result of his refusal to participate in the state program constituted unconstitutional

compulsion under <u>McKune</u>, and the district court erred in ruling his challenge to the program was only properly brought in an action under § 1983.  After granting a certificate of appealability on the issue of whether the district court erred in dismissing Preston's Fifth Amendment compelled self-incrimination claim, we directed that the Appellee file a responsive brief pursuant to 4th Cir. R. 22(a)(1)(B).  In the brief, the Appellee notes that Preston's lack of a liberty interest in being placed in a particular good conduct classification level does not answer the question as to whether he can be compelled to discuss possible criminal wrongs as a condition of receiving a statutory benefit, and the framework to address this question is contained in the Supreme Court's decision in <u>McKune</u>.

The Appellee asserts that because Preston challenged an alleged extension of his term of incarceration, and thus the "fact or duration" of his confinement, "his claim must be brought as a habeas corpus action, subject to the exhaustion requirement." Because Preston acknowledged in his § 2254 petition that he did not present his claim in state court, the Appellee contends his petition should be dismissed without prejudice for failure to exhaust his state court remedies.  In his reply brief, Preston responds that he must only exhaust those administrative and state court remedies that are actually available, and he asserts there were no adequate or effective state court remedies in his case.

- 3 -

As contended by both parties on appeal, we find that Preston's claim challenging the alleged extension of his term of confinement as a violation of his Fifth Amendment right to be free from compelled self-incrimination is cognizable in a habeas action and therefore subject to the exhaustion requirement under 28 U.S.C. § 2254(b). See Wilkinson v. Dotson, 544 U.S. 74 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). We thus conclude the district court erred in dismissing Preston's petition under Rule 4 after ruling he had no liberty interest in his classification level and his claim was only properly brought in an action under § 1983.

Accordingly, we remand this case to the district court for reconsideration of Preston's § 2254 petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED