955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie Edward SYKES, Plaintiff-Appellant,
v.
Edward W. MURRAY, Director; Lou Ann White, Manager, Court &
Legal Services, Defendants-Appellees.
 No. 91-7744.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 3, 1992.
Decided Feb. 19, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CA-91-487-N)
 Willie Edward Sykes, appellant pro se.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Willie Edward Sykes appeals the district court's order dismissing this action filed under 42 U.S.C. § 1983 (1988). Acting pursuant to 42 U.S.C. § 1997e (1988), the district court ordered Plaintiff to exhaust administrative remedies and to advise the court within one hundred days of the result of the administrative proceedings. It warned Plaintiff that failure to advise the court regarding exhaustion would result in dismissal of the action. Plaintiff failed to comply with this order, and the district court dismissed the case without prejudice upon expiration of the allowed period.
 
 
 2
 The district court could properly require exhaustion of administrative remedies under 42 U.S.C. § 1997e. Its dismissal of the action, without prejudice, when Plaintiff failed to comply with its order was not an abuse of discretion. We therefore affirm the judgment below.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.
 
 
 
 *
 Because Sykes challenges the length of his confinement, his claim is properly construed as a habeas corpus petition. See Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). He is thus additionally required to exhaust state remedies before seeking federal relief. 28 U.S.C. § 2254 (1988). His present complaint does not illustrate compliance with the state exhaustion requirement nor was the issue addressed by the district court