989 F.2d 492
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kevin Antonio DAVIS, Petitioner-Appellant,
v.
Captain DAVIS; Attorney General of the Commonwealth of
Virginia, Respondents-Appellees.
 No. 92-6984.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 1, 1993
Decided: March 9, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-92-592-2)
 Kevin Antonio Davis, Appellant Pro Se.
 E.D.Va.
 DISMISSED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Kevin Antonio Davis appeals from the district court's order dismissing without prejudice his petition for habeas corpus relief. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause and dismiss.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 Davis filed his habeas corpus complaint pursuant to 28 U.S.C. § 2254 (1988) and the district court treated it as a § 2254 complaint. Because Davis was seeking pretrial habeas corpus relief, however, his complaint more appropriately should have been construed as a 28 U.S.C. § 2241(c)(3) (1988) habeas corpus petition. Nevertheless, the error was harmless because the district court properly dismissed the complaint without prejudice for failure to exhaust state court remedies. Davis's Eighth Amendment claim challenges the conditions of his confinement rather than the fact or length of his confinement and therefore should be raised in a separate 42 U.S.C. § 1983 (1988) action; exhaustion of state remedies is not a prerequisite to such an action. See Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir. 1983)