25 F.3d 1040
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 William "Bill" SLONE, Plaintiff-Appellant,
v.
Darrell PRATT, Individually and in his official capacity as
the Prosecuting Attorney for Wayne County; Scott Stapleton,
Individually and in his official capacity as an Attorney for
plaintiff; Robert Carter, Individually and in his official
capacity as an attorney for Plaintiff; M.J. Ferguson,
Individually and in his official capacity as Clerk of Wayne
County Circuit Court; Billie Spry, Individually and in his
official capacity as a Deputy; Robert G. Chafin,
Individually and in his official capacity as Judge, Wayne
County Circuit Court, Defendants-Appellees.
 No. 94-6111.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 14, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Charles H. Haden II, Chief District Judge. (CA-93-731-3).
 William "Bill" Slone, appellant Pro Se.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before HALL, PHILLIPS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William "Bill" Slone filed this action pursuant to 42 U.S.C. Sec. 1983 (1988), alleging that the Defendants breached his plea agreement and violated his constitutional rights by imposing a condition after he signed it and in his absence that he serve at least thirty-six months in Kentucky or be returned to West Virginia to serve the remainder of his West Virginia sentence. The district court, accepting the recommendation of the magistrate judge, dismissed Slone's complaint without prejudice pursuant to 28 U.S.C. Sec. 1915(d) (1988). Because we find that Slone's claims are not based on an indisputably meritless legal theory and are sufficient to withstand summary dismissal under Sec. 1915(d), we vacate and remand.
 
 
 2
 In Santobello v. New York, 404 U.S. 257 (1971), the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. at 262. If the prosecutor does not fulfill the promises in the plea agreement, the breach raises serious due process concerns. United States v. Gerant, 995 F.2d 505, 508 (4th Cir.1993); see United States v. De la Fuente, 8 F.3d 1333, 1336 (9th Cir.1993) (citing Mabry v. Johnson, 467 U.S. 504, 509-10 (1984)); United States v. Castellanos, 904 F.2d 1490, 1496 (11th Cir.1990); United States v. Jordan, 870 F.2d 1310, 1316 (7th Cir.), cert. denied, 493 U.S. 831 (1989).
 
 
 3
 In his complaint, Slone claims that when he pled guilty to the West Virginia charges, the plea agreement permitted him to return to Kentucky to serve his sentences. Liberally construing the complaint, see Weller v. Department of Social Servs., 901 F.2d 387, 390 (4th Cir.1990), Slone believes that the agreement to return to Kentucky formed a part of the bargain underlying the plea agreement and contained no other conditions. He alleges that after he signed the plea agreement, the Defendants imposed a condition in his absence that he serve at least thirty-six months in Kentucky or be returned to West Virginia to serve the remainder of his West Virginia sentence. Because Slone raises due process concerns regarding the Defendants' actions, his claim is not based on an indisputably meritless legal theory and is sufficient to withstand summary dismissal under Sec. 1915(d). Accordingly, with regard to at least Slone's unauthorized modification claim, the district court abused its discretion in dismissing Slone's complaint as frivolous under Sec. 1915(d). See Denton v. Hernandez, 60 U.S.L.W. 4346, 4347 (U.S.1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989); White v. White, 886 F.2d 721, 722 (4th Cir.1989).
 
 
 4
 Because Slone's complaint challenges the validity of his guilty plea, Slone is subject to the exhaustion requirement of 28 U.S.C. Sec. 2254(b) (1988). See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir.1983). Nothing in the record discloses that Slone has exhausted state remedies. Although the general rule is that the case should be dismissed rather than retained on the district court's docket pending exhaustion of state remedies, Slayton v. Smith, 404 U.S. 53, 54 (1971), a civil rights claim should be retained on the docket if dismissal would create a statute of limitations problem. Hamlin v. Warren, 664 F.2d 29, 32 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). The record does not disclose when Slone became aware of the Defendants' alleged actions making it difficult to determine when the statute of limitations began to run. Accordingly, to preserve any timely claim Slone may have, we vacate and remand to the district court with instructions to retain Slone's case on its docket until he exhausts his state remedies.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.