**Isaiah HARLEY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 1:04CV00810.**

United States District Court,
M.D. North Carolina.

Dec. 27, 2004.

Isaiah Harley, Jr., Butner, NC, pro se.

## JUDGMENT

TILLEY, District Judge.

On September 7, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. No objections were filed within the time limits prescribed by Section 636.

Therefore, the Court need not make a *de novo* review and the Magistrate Judge's Recommendation is hereby adopted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that for the same reasons given for dismissal, the Court finds that any appeal would not be in good faith and permission to proceed on appeal *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R.App. P. 24.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ELIASON, United States Magistrate Judge.

Plaintiff, Isaiah Harley, has submitted a pro se complaint against the United States. He has also submitted a memorandum, a judgment, and a petition for writ of mandamus. It is impossible to discern the exact nature of plaintiff's cause of action. He seeks damages from the United States but the only clue as to why he feels he is entitled to such a recovery is a document, in the nature of an invoice, in which he seems to be charging the government for a "pretrial study." Plaintiff is a prisoner incarcerated in FCI, Butner, North Carolina, in the Eastern District of North Carolina.

■ Plaintiff has not submitted any filing fee and apparently seeks to proceed as a pauper. However, this is not possible under 28 U.S.C. § 1915(g) because plaintiff is a prisoner who has had three civil actions, filed while he was a prisoner, dismissed because they were frivolous or malicious or failed to state a claim, and he is not making any allegation that he is under any imminent danger of serious physical injury. (Nos. 1:99CV965; 1:99CV1024; 1:99CV957) Therefore, plaintiff may not proceed as a pauper in this action. Because plaintiff has also not paid the filing fee, this action should be dismissed.

■ Further, this action is frivolous and fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B). For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A plaintiff fails to state a claim when it appears certain that plaintiff cannot prove any set of facts which would entitle him to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to plaintiff. *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). Facts must be alleged with specificity. *White v. White,* 886 F.2d 721

(4th Cir.1989). The Court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983); *Nasim v. Warden, Md. House of Correction,* 64 F.3d 951, 954 (4th Cir.1995) (en banc) (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

 Plaintiff names only the United States as a defendant but makes no claim against the United States which could result in any relief. While incarcerated at Butner, he may have been subjected to a "pretrial study," but this fact alone would not entitle him to any monetary relief. He fails to mention any other action that the United States has taken against him for which it might be liable. Plaintiff also fails to allege any acts which occurred in this district. Finally, plaintiff is not incarcerated in this district. Therefore, this complaint is both frivolous and fails to state a claim upon which relief may be granted.

*In forma pauperis* status shall be granted for the sole purpose of entering this order and recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

September 7, 2004.