# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1369

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Ray Johnny Kraklio, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: May 16, 2006
Filed: June 27, 2006

———————

Before WOLLMAN, BRIGHT, and RILEY, Circuit Judges.

———————

RILEY, Circuit Judge.

Ray Johnny Kraklio (Kraklio), a federal probationer, appeals the district court's[1] order modifying his conditions of probation to require Kraklio to have his DNA collected as directed by his probation officer, pursuant to the DNA Analysis Backlog Elimination Act of 2000 (DNA Act), 42 U.S.C. §§ 14135-14135e. We affirm.

————————————

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

## I. BACKGROUND

Kraklio was sentenced to two years' probation on November 29, 2004, following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On November 27, 2005, the United States Probation Office directed Kraklio to appear on December 13, 2005, to submit a blood sample for the purpose of gathering his DNA pursuant to the DNA Act. Kraklio refused. The Probation Office moved to modify the conditions of Kraklio's release to require Kraklio's cooperation in the DNA collection. Kraklio resisted the motion, arguing collection of his DNA constitutes an unreasonable search and seizure in violation of the Fourth Amendment. On January 19, 2006, the district court, in a thorough and well reasoned order, granted the Probation Office's motion, but stayed enforcement pending Kraklio's appeal.

## II. DISCUSSION

We review de novo the district court's conclusion the DNA Act does not violate the Fourth Amendment. See United States v. Newton, 259 F.3d 964, 966 (8th Cir. 2001).

The DNA Act mandates the collection of DNA samples by the United States Probation Office from individuals on probation, parole, or supervised release, who have been convicted of certain qualifying federal offenses. 42 U.S.C. § 14135a(a)(2). Kraklio's felon in possession conviction is a qualifying offense. See id. § 14135a(d)(1) (including "[a]ny felony" as a qualifying offense). Under the DNA Act, DNA samples are sent to the Federal Bureau of Investigation laboratory for inclusion in the Combined DNA Index System (CODIS). See generally id. § 14132; see also H.R. Rep. 106-900(I), at 8 (2000). DNA records may be used only for law enforcement identification purposes by criminal justice agencies, in judicial proceedings, and for criminal defense purposes. See 42 U.S.C. § 14132(b)(3). DNA

records are expunged from CODIS when a conviction is overturned, no charge is filed, charges have been dismissed, or the charge resulted in acquittal. See id. § 14132(d)(1)(A).

The Fourth Amendment to the United States Constitution provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." The government does not dispute the drawing of blood for purposes of DNA collection is a search subject to Fourth Amendment scrutiny. See Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602, 616 (1989). The question, then, is whether the search is reasonable. United States v. Knights, 534 U.S. 112, 118 (2001) ("The touchstone of the Fourth Amendment is reasonableness."); see also Samson v. California, 547 U.S. ___, No. 04-9728, slip op. at 11 n.4 (June 19, 2006).

Every federal circuit considering DNA indexing statutes has upheld the statutes as constitutional under the Fourth Amendment. See Nicholas v. Goord, 430 F.3d 652, 671 (2d Cir. 2005) (reviewing comparable state DNA indexing statute); United States v. Sczubelek, 402 F.3d 175, 184 (3d Cir. 2005) (reviewing the DNA Act), petition for cert. filed, Dec. 2, 2005 (No. 05-7955); Padgett v. Donald, 401 F.3d 1273, 1280 (11th Cir.) (reviewing comparable state DNA indexing statute), cert. denied, 126 S. Ct. 352 (2005); United States v. Kincade, 379 F.3d 813, 830-32 (9th Cir. 2004) (en banc) (reviewing the DNA Act), cert. denied, 125 S. Ct. 1638 (2005); Green v. Berge, 354 F.3d 675, 677-79 (7th Cir. 2004) (reviewing comparable state DNA indexing statute); Groceman v. U.S. Dep't of Justice, 354 F.3d 411, 413-14 (5th Cir. 2004) (per curiam) (reviewing the DNA Act); United States v. Kimler, 335 F.3d 1132, 1146 (10th Cir. 2003) (reviewing the DNA Act); Jones v. Murray, 962 F.2d 302, 306-08 (4th Cir. 1992) (reviewing comparable state DNA indexing statute).

The only disagreement among the circuits is what analytical approach to use in upholding the statutes. The majority of circuits employ a reasonableness standard,

determining whether the search and seizure is reasonable based on the totality of the circumstances surrounding the search and seizure and the nature of the search and seizure itself.  See Sczubelek, 402 F.3d at 184-86; Padgett, 401 F.3d at 1280; Kincade, 379 F.3d at 832; Groceman, 354 F.3d at 413; Jones, 962 F.2d at 307.  Under this approach, the court balances "the degree to which [the search and seizure] intrudes upon an individual's privacy" with "the degree to which [the search and seizure] is needed for the promotion of legitimate governmental interests."  Knights, 534 U.S. at 119 (quotation omitted); see also Samson, slip op. at 3.  A minority of circuits apply a special needs approach, examining whether special needs exist which sufficiently justify a search and seizure absent a warrant and probable cause.  See Nicholas, 430 F.3d at 671; Green, 354 F.3d at 679; Kimler, 335 F.3d at 1146; cf. Samson, slip op. at 11 n.4.  The district court in this case upheld the constitutionality of the DNA Act using the reasonableness standard.

The circuits favoring the reasonableness standard have concluded "the purpose for the collection of DNA goes well beyond the supervision by the Probation Office of an individual on supervised release," Sczubelek, 402 F.3d at 184, which was the situation in the Supreme Court's leading special needs approach case involving supervision of probationers, Griffin v. Wisconsin, 483 U.S. 868 (1987). These circuits therefore apply the more rigorous totality of the circumstances test outlined in Knights as the more appropriate precedent.  See, e.g., Sczubelek, 402 F.3d at 184; Padgett, 401 F.3d at 1279-80; but see Nicholas, 430 F.3d at 667 ("We therefore continue to hold suspicionless searches to the higher standard of review embodied in the special-needs inquiry.").  We agree with this reasoning.  Following the majority of circuits having addressed this issue, we employ the Knights reasonableness standard to determine the constitutionality of the DNA Act.

The Third Circuit applied the Knights analysis and found the DNA Act constitutional.  See Sczubelek, 402 F.3d at 184-86.  Given probationers' diminished privacy rights, Samson, slip op. at 4 (quoting Knights, 534 U.S. at 119), the minimal

-4-

intrusion involved in obtaining DNA samples, and the legitimate governmental interest in using DNA as a crime investigating tool, we adopt the reasoning in Sczubelek and hold, based on the totality of the circumstances, the collection of DNA under the DNA Act for inclusion in the CODIS database does not constitute an unreasonable search and seizure in violation of the Fourth Amendment.

## III. CONCLUSION

We affirm the district court's order modifying Kraklio's conditions of probation.

_____