Donald Eugene GRIFFIN, Petitioner,

v.

A.J. PADULA, Warden of Lee
Correctional Institution,
Respondent.

C.A. No. 2:07–1732–PMD–RSC.

United States District Court,
D. South Carolina.

Aug. 14, 2007.

Donald Eugene Griffin, Jr., Bishopville, SC, Pro se.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Petitioner Donald Eugene Griffin, Jr.'s ("Petitioner" or "Griffin") petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The record contains a report and

recommendation ("R & R") of a Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R & R recommends that the Petitioner's § 2254 petition be dismissed without prejudice and without requiring the Respondent to file a return. If a party disagrees with the recommendation as it stands in the R & R, that party may submit written objections to the court within ten days after being served with a copy of that report. 28 U.S.C. 636(b)(1). Petitioner filed timely objections to the R & R.

## I. BACKGROUND

At the September 1990 term, the Richland County Grand Jury indicted Griffin for Burglary (dwelling), Kidnapping, Robbery (strong arm), and First Degree Criminal Sexual Conduct. On February 13, 1991, a jury found Griffin guilty of First Degree Burglary, Kidnapping, Strong Arm Robbery, and Aggravated Assault and Battery.[1] The Honorable M. Duane Shuler sentenced Petitioner to confinement for a period of fifteen years for First Degree Burglary; a period of life for Kidnapping; a period of ten years (consecutive) for Strong Arm Robbery; and a period of ten years (consecutive) for Aggravated Assault and Battery. Griffin filed a timely Notice of Appeal, but the South Carolina Supreme Court dismissed the appeal on April 8, 1992.

On February 17, 1993, Griffin filed an application for Post–Conviction Relief ("PCR"), and on July 20, 1994, an evidentiary hearing was held before the Honorable L. Casey Manning. However, Judge Manning denied Griffin's application in an Order dated October 18, 1994. (R & R at 2.) From this Order, Griffin filed a Notice of Appeal, but the South Carolina Supreme Court denied the Petition for Writ of Certiorari on November 2, 1995. (R & R at 2.)

After the dismissal of his first PCR application, he filed two more, one on December 18, 1995, and the other on October 15, 2004. Both met much the same result as the first. The December 18, 1995 PCR application was denied and dismissed by the Honorable L. Henry McKellar by an Order dated January 3, 1998. (R & R at 2.) Petitioner again filed a timely Notice of Appeal, and on September 28, 1999, the Supreme Court of South Carolina remitted the case to the trial court. (R & R at 2.) The Supreme Court of South Carolina subsequently denied certiorari in this case on October 20, 2006. Griffin filed his third application for post-conviction relief on October 15, 2004, but that application was also dismissed by the trial court on March 20, 2006. (R & R at 2.)

Griffin filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of South Carolina on March 29, 2007. This petition was dismissed by the District Court on July 6, 2007.

The present petition is Griffin's second writ of habeas corpus filed in the United States District Court for the District of South Carolina. (R & R at 3.) Griffin filed this under 28 U.S.C. § 2254[2] on June 25,

---

1. In his petition, Griffin states the criminal docket or case number of the conviction he is challenging is 06–ALJ–04–00377–AP, and that the dates of judgment of conviction are April 10, 2006, and November 14, 2006. However, these dates appear to be dates of a decision on a grievance filed by Griffin, not his actual criminal convictions.

2. 28 U.S.C. § 2254 provides, in relevant part,
   **(a)** [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

2007. Griffin raised two challenges in his petition (verbatim):

1. The State of South Carolina by way of and through the South Carolina Department of Corrections violated prisoner's constitutional protections in ARTICLE 1 § 9(3), ARTICLE 1 § 10, FIFTH and FOURTEENTH Amendments of the United States Constitution, in their application and actions, to apply the State's "DNA" Database Act, retroactively to prisoner's 1991 conviction and sentence.

2. The State of South Carolina by way of and through the South Carolina Department of Corrections, violated prisoner's constitutional protections of the FOURTH; FIFTH and FOURTEENTH Amendments to the United States Constitution, in their actions, to obtain a DNA (blood) sample, from prisoner, for inclusion into the State's DNA Database for Law Enforcement purposes.

(Pet. Attachment at 2, 6.) In his Memorandum, a section entitled "Relief Requested" states (verbatim),

Therefore, prisoner asks that the Court enter judgment against the State of South Carolina and the South Carolina Department of Corrections, in that their application and actions of outrageous conduct to apply the State's DNA Database Act to prisoner, has violated his constitutional provisions to DUE PROCESS of LAW; UNREASONABLE SEARCH and SEIZURE, and EX POST FACTO protected under the United States Constitution, as well as,

any other relief to which petitioner may be entitled.

(Pet. Attachment at 9.)

The Magistrate Judge issued an R & R on July 2, 2007, recommending that Griffin's petition be dismissed without prejudice and without requiring the Respondent to file a return.[3]

## II. STANDARD OF REVIEW

■ The Magistrate Judge only makes a recommendation to the Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged to review *de novo* those portions of the R & R that have been specifically objected to, and the court may accept, reject, or modify the R & R, in whole or in part. 28 U.S.C. § 636(b)(1). Courts have held *de novo* review to be unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *See, e.g., Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982); *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C.Cir.1980). Additionally, the court may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). After reviewing the entire record, the R & R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and properly summarized the

---

(b)(1) An application for a writ of habeas corpus ... shall not be granted unless it appears that—
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

3. The Magistrate Judge's R & R states that Griffin's claims can be raised as a civil rights action filed pursuant to 42 U.S.C. § 1983. (R & R at 6–7.)

facts. However, the court will modify the R & R.

## III. ANALYSIS

Griffin raises four objections to the Magistrate Judge's R & R. Griffin's first three objections concern the case history. These objections are without merit as they are objections simply to the case history and have no bearing on the court's analysis. (Objection to R & R at 5–7.)[4]

Lastly, Griffin objects to the Magistrate Judge's recommendation that the Petitioner's claims are not cognizable as valid habeas grounds. (See R & R at 5.)[5] Petitioner argues that the claims are cognizable under 28 U.S.C. § 2254. The court will discuss the merits of these claims in the foregoing analysis.

Griffin raises two grounds for his writ of habeas corpus under 28 U.S.C. § 2254. Griffin claims that the South Carolina DNA Database Act is an ex post facto law and that the Act violates his right to be free from unreasonable searches and seizures. The court will address each one in turn.

### 1. Ex post Facto Challenge

■ Griffin argues that South Carolina's DNA Database Act violates the constitutional prohibition against ex post facto laws, principally because an enforcement mechanism of the statute appears to retroactively authorize an extension of an in-

mate's sentence. (Pet.Attachment at 2.)[6] The Ex Post Facto Clause was summarized in Beazell v. Ohio, 269 U.S. 167, 169–170, 46 S.Ct. 68, 70 L.Ed. 216 (1925), to mean the following:

It is settled, by decisions of this [C]ourt so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto.

The prohibition against ex post facto laws, which "applies only to penal statutes which disadvantage the offender affected by them," Collins v. Youngblood, 497 U.S. 37, 41, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), assures that innocent conduct is not made criminal after the fact and that greater punishment is not imposed after the fact. See Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). A statute that is not penal cannot be ex post facto. In this circuit, requiring prisoners to provide blood samples for DNA testing has been held not to be punitive and not, in itself, a violation of the Ex Post Facto Clause. Jones v. Murray, 962 F.2d 302, 309 (4th Cir.1992); see also Ewell v. Murray, 11 F.3d 482, 485–86 (4th Cir.1993). Several other courts have held that DNA

---

**4.** Griffin seems to agree that these are moot issues in the present petition. (Objection to R & R at 6–7.)

**5.** The Magistrate Judge states that the claims raised by Griffin are facially valid civil rights claims properly raised under 42 U.S.C. § 1983. (R & R at 6–8.)

**6.** S.C.Code § 23–3–670 states:
(A) A person who is required to provide a sample pursuant to this article must pay a

two hundred and fifty dollar processing fee which may not be waived by the court. If the person is incarcerated, the fee must be paid before the person is paroled or released from confinement and may be garnished from wages the person earns while incarcerated. If the person is not sentenced to a term of confinement, payment of the fee must be a condition of the person's sentence and may be paid in installments if so ordered by the court.

testing is not penal and thus does not impose additional punishment for a prior offense. *See Shaffer v. Saffle*, 148 F.3d 1180, 1182 (10th Cir.1998) (Oklahoma DNA statute has "legitimate, non-penal legislative purpose"); *Gilbert v. Peters*, 55 F.3d 237, 238–39 (7th Cir.1995) ("Both federal and state courts have uniformly concluded that statutes which authorize collection of blood specimens to assist in law enforcement are not penal in nature.... The [Illinois] blood specimen statute thus does not run afoul of the *Ex Post Facto* Clause."); *Kruger v. Erickson*, 875 F.Supp. 583, 589 (D.Minn.1995) (finding that taking blood under Minnesota law did not violate *Ex Post Facto* Clause because statute "is not penal in nature. Its purpose is to create a DNA database for law enforcement purposes"); *Vanderlinden v. Kansas*, 874 F.Supp. 1210, 1216 (D.Kan. 1995) (finding that, because DNA law "is not punitive but furthers a governmental interest in law enforcement, it follows that the statute does not violate ex post facto principles").

This court is guided by the decision of the United States Court of Appeals for the Fourth Circuit in *Jones v. Murray*, 962 F.2d 302 (4th Cir.1992). In 1990, the Commonwealth of Virginia passed a DNA database act that is similar to the South Carolina statute. *Jones*, 962 F.2d at 303. Pursuant to the statute, the Virginia Department of Corrections developed a procedure of collecting, analyzing, and exchanging DNA for the purpose of criminal law enforcement. *Id.* at 304. The law provides that all felons that are in custody on or after the relevant date are required to provide a blood sample prior to the inmate's discretionary parole eligibility

date or within thirty days of the mandatory parole date if the discretionary date has already passed. *Id.* at 303–04.[7] Six inmates challenged the constitutionality of the statute pursuant to 42 U.S.C. § 1983 on the ground, *inter alia,* that it violated the *Ex Post Facto* Clause. The district court held the blood test requirement did not violate the *Ex Post Facto* Clause "because it is neither a punitive measure nor a requirement of parole eligibility, and the inmates' parole is not affected. Rather, it concluded, release from prison is simply deferred until the blood sample is provided." *Id.* at 305.

On appeal, the Fourth Circuit stated,

[A] statute that is not penal cannot be *ex post facto.* Thus it cannot be said that the DNA testing, itself, runs afoul of the *Ex Post Facto* Clause. We agree with the district court's finding that: The requirement that prisoners provide blood samples is not punitive in nature.... The blood sample is taken and analyzed for the sole purpose of establishing a data bank which will aid future law enforcement.

In light of our determination that the program withstands challenge under the Fourth Amendment, the blood testing requirement legally can be implemented, and as is the case regarding any valid prison regulation, violators can be administratively punished for their failure to provide samples.

*Id.* at 309. The court concluded that "neither Virginia's blood testing requirement, itself, nor the infliction of punishment within the terms of the prisoners' original sentence for a violation of the requirement,

---

7. Va.Code § 19.2–310.2(B) provided in part, as follows:

After July 1, 1990, the blood ... sample shall be taken prior to release from custody. Notwithstanding the provisions of § 53.1–

159, [the mandatory release on parole requirement], any person convicted of a felony who is in custody after July 1, 1990, shall provide a blood ... sample prior to his release.

is *ex post facto.*" *Id.* at 310. The court noted that the inmates presented a different problem: that despite a Virginia statute guaranteeing release on parole six months prior to final date of discharge, the DNA data bank statute "suggests that ... an inmate's release can be delayed until he provides a blood sample." *Id.* The court stated,

> [I]f [the DNA data bank statute] were to be enforced to deny the prisoner that automatic release for refusing to provide a blood sample, the prisoner would be held beyond the time of release contemplated by the original sentence and a term of his sentence, thereby, would be made more onerous *ex post facto* .... We ... conclude that if [the DNA data bank statute] were to be enforced to deny an inmate convicted of a crime before July 1, 1990, the mandatory parole inherent in the original sentence given to him, the prohibition against *ex post facto* laws would be violated.

*Id.* The court noted the statute does not qualify as an *ex post facto* law to the extent it requires inmates provide blood samples or be subjected to prison punishment, denial of good-time credits, or the potential loss of discretionary parole "because it does not thereby alter any prisoner's sentence for past conduct." *Id.* The court concluded,

> [I]t is our conclusion that Virginia's requirement that all incarcerated felons provide a blood sample to prison medical personnel provide a blood sample prior to the inmate's release does not constitute a retroactive increase in the sentence of any inmate in violation of the *Ex Post Facto* Clause except to the extent that the first five words of the sentence of § 19.2–310.2, providing, *Notwithstanding the provisions of 53.1–159,* any person convicted of a felony who is in custody after July 1, 1990, shall pro-

vide a blood sample prior to his release (emphasis added), authorize a modification of mandatory parole. We hold that those five words therefore are unconstitutional and may not be enforced to modify the mandatory parole period.

*Id.* at 311.

The Magistrate Judge recommended dismissing Griffin's petition because "[t]he claims raised in the [Petitioner's] case are not proper habeas grounds." (R & R at 5.)

> To determine whether an action is properly considered a civil rights claim or a habeas corpus petition ..., a court must consider whether the "core" of the petitioner's claim concerns the fact or duration of his confinement and whether a claim of damages is ancillary to and dependant on a favorable resolution of the length of his confinement. *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983). If the core of the claim does concern the fact or length of confinement, then the proceeding is in habeas. *Id.*

*Brown v. Angelone,* 938 F.Supp. 340, 345 (W.D.Va.1996). "[W]hen a state prisoner challenges the fact or duration of his confinement and the relief he seeks is immediate or speedier release from imprisonment, 'his sole federal remedy is a writ of habeas corpus.'" *Harvey v. Horan,* 278 F.3d 370, 377 (4th Cir.2002) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). In *Lee v. Winston,* 717 F.2d 888 (4th Cir.1983), the Fourth Circuit discussed the relationship between the habeas statute and § 1983. In that case, Lee filed a petition for a writ of habeas corpus and a complaint under § 1983 to prevent the removal of a bullet believed to be relevant evidence in a criminal investigation. *Lee,* 717 F.2d at 890. The threshold issue is "whether the claim should be considered cognizable solely under one or the other of 42 U.S.C. § 1983

and the habeas statute, 28 U.S.C. § 2254, or whether it might properly be cognizable under both." *Id.* at 891. The court stated,

> Because of their differing and, in critical respects, conflicting procedural and doctrinal regimes, we decline to treat Lee's claim as one potentially entitling him to relief under both theories. We view Lee's claim as being most directly one seeking to enjoin persons acting under color of state law from depriving a citizen of the United States of a right secured by the Constitution, a claim properly treated as one grounded exclusively in § 1983 ...

> Although there may ultimately be an area of limited substantial overlap between § 2254 habeas corpus and § 1983, the main thrusts of the two are obviously quite different. The former is primarily a vehicle for attack by a confined person on the legality of his custody and the traditional remedial scope of the writ has been to secure absolute release—either immediate or conditional—from that custody. Conversely, § 1983 cannot be used to seek release from illegal physical confinement. The remedial scope of § 1983 is obviously much broader than is that of habeas corpus, being available to all citizens and other persons within the jurisdiction of the United States, whether "in custody" or not, and affording to successful claimants the full panoply of traditional equitable and legal remedies to redress actual or potential deprivations of constitutional rights under color of state law.

*Id.* at 892 (citations omitted). In determining § 1983 governed Lee's claim, the court noted that his claim "contain[ed] no challenge to the propriety of his present confinement, as confinement.... Rather, Lee has initiated this civil proceeding, unrelated to the legality of his confinement, to enjoin a state-authorized search that might infringe his fourth amendment rights." *Id.* at 893.

■ In the case *sub judice*, it is difficult to determine whether Griffin's claim is properly cognizable under § 2254 or § 1983. In his § 2254 petition, it seems Griffin may be seeking damages. However, based on the court's reading of his objections, it seems Griffin is most concerned about being confined in prison, after he has finished serving his time, simply because he is unable to pay the $250 fee. While not entirely clear from the record, it appears Griffin's claim is properly cognizable under § 2254. *See Leonard v. Hammond,* 804 F.2d 838, 840 (4th Cir.1986) ("If a state prisoner, in his complaint, is attacking the validity of his confinement and seeking release, habeas corpus is the *exclusive* remedy."); *see also Mulazim v. Angelone,* No. Civ. A. 7:02–CV–01135, 2003 WL 24056725, *1 (W.D.Va. April 24, 2003) ("[A] plaintiff can only secure his release from prison under § 2254, not § 1983.").

■ As previously noted, on July 6, 2007, this court dismissed Griffin's first petition pursuant to 28 U.S.C. § 2254, finding his petition was time-barred. Thus, the petition before this court is Griffin's second § 2254 petition. Title 28, section 2244 states, in relevant part,

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)(i) the factual predicate for the claim could not have been discovered

previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244. Even though this is Griffin's numerically second petition, "it is settled law that not every numerically second petition is a 'second or successive' petition" within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996. *In re Williams,* 444 F.3d 233, 235 (4th Cir.2006). The standard for determining whether a petition is successive appears in *Slack v. McDaniel,* 529 U.S. 473, 485–89, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), and in order to qualify as a "successive" petition, the prior petition must have been adjudicated on the merits. *Slack,* 529 U.S. at 489, 120 S.Ct. 1595. " 'Dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction second or successive petitions under § 2244(b).' " *Jeter v. White,* No. 4:06–424–HMH–TER, 2006 WL 1391500, *2 (D.S.C. May 19, 2006) (quoting *Murray v. Greiner,* 394 F.3d 78, 81 (2d Cir.2005)).

In the case *sub judice,* the § 2254 petition before the court is Griffin's second petition, and the court dismissed his first petition for failure to comply with the one-year statute of limitations. Because the court adjudicated the first petition on the merits, the petition currently before the court is successive. As it is a successive petition, "this court is without jurisdiction to entertain" Griffin's petition "unless and until" Griffin "obtains pre-filing authorization to proceed." *Jeter,* 2006 WL 1391500, at *2 (citing *United States v. Winestock,* 340 F.3d 200, 205 (4th Cir.2003)). Because Griffin has not obtained this authorization, his petition must be dismissed.

### 2. Unreasonable Search and Seizure Challenge

■■■ Griffin also argues that his right to be free from unreasonable searches and seizures has been violated. For the reasons noted above, however, Griffin cannot proceed with his § 2254 petition. Because Griffin's petition is successive and because he has not obtained pre-filing authorization to proceed, the court must dismiss his petition. Furthermore, Griffin's argument that his Fourth Amendment rights have been violated is without merit. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. CONST. amend. IV. Forced compliance with a blood draw constitutes a search subject to the Fourth Amendment. *See Skinner v. Ry. Labor Executives' Ass'n,* 489 U.S. 602, 616, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989); *Banks v. United States,* 490 F.3d 1178 (10th Cir.2007). However, the Fourth, as well as the Second, Third, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh and the District of Columbia Circuits have arrived at the conclusion that the federal DNA Act and its State law analogues survive Fourth Amendment scrutiny. See *Banks v. United States,* 490 F.3d 1178 (10th Cir.2007); *United States v. Kraklio,* 451 F.3d 922, 924–25 (8th Cir. 2006); *Johnson v. Quander,* 440 F.3d 489, 496 (D.C.Cir.2006); *United States v. Sczubelek,* 402 F.3d 175, 184 (3d Cir.2005); *Padgett v. Donald,* 401 F.3d 1273, 1280 (11th Cir.2005); *Green v. Berge,* 354 F.3d

675 (7th Cir.2004); *United States v. Kincade,* 379 F.3d 813 (9th Cir.2004); *Groceman v. U.S. Dep't of Justice,* 354 F.3d 411 (5th Cir.2004); *Roe v. Marcotte,* 193 F.3d 72 (2d Cir.1999); *Jones v. Murray,* 962 F.2d 302 (4th Cir.1992); *see also Word v. U.S. Probation Dep't,* 439 F.Supp.2d 497, 506 n. 2 (D.S.C.2006) (stating at least 24 states have passed laws requiring all felons to provide a DNA sample and that, to the court's knowledge, no federal court or state appellate court has declared the statutes unconstitutional).

Accordingly, Griffin's Fourth Amendment claim of an unreasonable search and seizure of his body through the taking of a blood sample per the South Carolina DNA Database Act is without merit and therefore must fail. Because Griffin's Fourth Amendment argument is without merit, and because he has not obtained pre-filing authorization to file a successive § 2254 petition, his petition must be dismissed.

## IV. CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Griffin's Petition for writ of habeas corpus is **DISMISSED.**

**AND IT IS SO ORDERED.**